## No. 1047
## JOBES v. HECKER et

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 710. Decided July 2, 1926

211. CAUSE OF ACTION—A proposed amended second cause of action admitting that the cause of action accrued in 1912; and which seeks to assert an equitable right, independent of the note given in connection therewith; does not state a legal cause of action and should be refused.

BY THE COURT.

Eliza Hecker, mother of plaintiff June Jobes and also of the defendant, Effie Hecker, executed a will devising certain real estate to both plaintiff and defendant. In the year 1912, Jobes made certain improvements upon the property to make it more convenient for the use of her mother. These improvements, it was alleged, were made with the knowledge of Eliza and Effie Hecker.

Eliza Hecker executed a note in the amount of $350 payable to June Hecker upon demand, for money advanced to repair the house. Upon the death of the testatrix in 1918, Effie Hecker was appointed executrix, settling the estate and paying all the claims except that of her sister's, June Jobes.

Jobes instituted an action in the Montgomery Common Pleas and upon desiring to file an amended second cause of action, the court refused same on the ground that the amendment failed to state a cause of action. The object of the amended second cause of action was to charge the real estate with the money advanced for improvements. A demurrer was sustained to the original second cause of action and final judgment rendered on the demurrer, Hecker claiming that said judgment was a bar to the subsequent amendment.

Error was prosecuted by Jobes and the Court of Appeals held:

1. The proposed amendment will be considered as if its sufficiency were challenged by a demurrer.

2. The original petition was filed in March, 1925, and the amendment offered in December, 1925.

3. Assuming that Jobes had an equitable right to assert a lien against the property for the improvements, the cause of action arose during the life time of her mother, at the time the improvements were made.

4. There is no showing in the proposed amendment which would prevent the statute of limitations beginning to run from the time the improvements were made in 1912.

5. Although action upon the note would not ·

be barred for 15 years an action to assert the equitable right would be independent thereof and would be dependent upon equities existing at the time the obligation was incurred.

6. Action for equitable relief is barred within 10 years after the cause of action accrues.

7. The proposed amendment, admitting that the cause of action arose in 1912, and which stated no fact to relieve the cause of action against the statute of limitation, would be insufficient to state a legal cause of action, and the trial court, in so holding, was correct.

Judgment affirmed.

Attorneys—Martin B. Trainor for Jobes; Joseph D. Chamberlain for Hecker et; both of Dayton.